UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ashley Furniture Industries, Inc., a Wisconsin Corporation, | ) ) ) |
| Plaintiff, | ) Civil Action No. ) |
| v. | ) ) |
| Cosmos Furniture, Ltd., a foreign corporation, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Ashley Furniture Industries, Inc. ("Ashley" or "Plaintiff") sets forth its Complaint against Defendant Cosmos Furniture, Ltd. ("Defendant"), as follows:

1. This is an action for infringement of thirteen (13) design patents assigned to Plaintiff Ashley.

### THE PARTIES

2. Plaintiff is a Wisconsin corporation having its principal place of business at One Ashley Way, Arcadia, Wisconsin 54612.

3. On information and belief, Defendant is a foreign corporation having an address at 1055 Clark Blvd., Brampton, Ontario L6T 3 W4, Canada.

### JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1338. Additionally, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

5. On information and belief, there will likely be evidentiary support after a

reasonable opportunity for further investigation or discovery, for the allegations that (1) this Court has personal jurisdiction over Defendant because Defendant has conducted and/or is doing business in this judicial district with respect to the allegations in this Complaint and events giving rise to this action in this district; and/or (2) Defendant, alone and/or together with others, imports into the United States, and/or sells or offers for sale in the U.S., furniture products and/or places its furniture products in the stream of commerce with knowledge that the same will be sold, used and/or offered for sale in Illinois and elsewhere.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), as well as 28 U.S.C. § 1400(a).

## NATURE OF THE ACTION

7. Ashley is the largest furniture manufacturer, and the best-selling furniture brand, in the world. Ashley sells home furnishings and accessories in this judicial district and elsewhere, including through (at least) two distribution channels: a network of thousands of independent third party retailers and more than 400 licensed independently owned ASHLEY FURNITURE HOMESTORES® furniture stores.

8. Ashley has developed, designed and patented designs for numerous furniture products, at a great investment of time and resources. Many of Ashley's patented designs have been enormously successful. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant deliberately copied Ashley's patented designs with respect to the following of Defendants' products: "Rosemary" beds, dressers, and mirrors (*see* Ex. A); "Carol Sleigh" and "Carol Panel" panel beds, sleigh beds, dressers, and mirrors (*see* Ex. B); "Atlanta" sofas (*see* Ex. C); and "Sabrina" beds, dressers, and mirrors (*see* Ex. D).

## COUNT I

## PATENT INFRINGEMENT: U.S. PATENT NO. D552,372

9. Plaintiff hereby re-alleges the allegations of Paragraphs 1-8 of this complaint as if fully set forth herein.

10. United States Patent No. D552,372 ("the '372 patent," attached at Exhibit A-1), entitled "BED," was duly and legally issued on October 9, 2007, naming Randy D. Domack and Terry A. Everson as the inventors.

11. Plaintiff owns all right, title, and interest in and to the '372 patent.

12. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '372 patent.

13. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '372 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

14. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '372 patent unless restrained by this Court.

15. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II

## PATENT INFRINGEMENT: U.S. PATENT NO. D549,988

16. Plaintiff hereby re-alleges the allegations of Paragraphs 1-15 of this complaint as if fully set forth herein.

17. United States Patent No. D549,988 ("the '988 patent," attached at Exhibit A-2), entitled "DRESSER," was duly and legally issued on September 4, 2007, naming Randy D. Domack and Terry A. Everson as the inventors.

18. Plaintiff owns all right, title, and interest in and to the '988 patent.

19. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '988 patent.

20. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '988 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

21. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '988 patent unless restrained by this Court.

22. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT III

### PATENT INFRINGEMENT: U.S. PATENT NO. D572,501

23. Plaintiff hereby re-alleges the allegations of Paragraphs 1-22 of this complaint as if fully set forth herein.

24. United States Patent No. D572,501 ("the '501 patent," attached at Exhibit A-3), entitled "DRESSER," was duly and legally issued on July 8, 2008, naming Randy D. Domack and Terry A. Everson as the inventors.

25. Plaintiff owns all right, title, and interest in and to the '501 patent.

26. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '501 patent.

27. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '501 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

28. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '501 patent unless restrained by this Court.

29. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT IV

## PATENT INFRINGEMENT: U.S. PATENT NO. D557,905

30. Plaintiff hereby re-alleges the allegations of Paragraphs 1-29 of this complaint as if fully set forth herein.

31. United States Patent No. D557,905 ("the '905 patent," attached at Exhibit A-4), entitled "MIRROR," was duly and legally issued on December 25, 2007, naming Randy D. Domack and Terry A. Everson as the inventors.

32. Plaintiff owns all right, title, and interest in and to the '501 patent.

33. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '905 patent.

34. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '905 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

35. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '905 patent unless restrained by this Court.

36. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT V

## PATENT INFRINGEMENT: U.S. PATENT NO. D587,464

37. Plaintiff hereby re-alleges the allegations of Paragraphs 1-36 of this complaint as if fully set forth herein.

38. United States Patent No. D587,464 ("the '464 patent," attached at Exhibit A-5), entitled "MIRROR," was duly and legally issued on March 3, 2009, naming Randy D. Domack and Terry A. Everson as the inventors.

39. Plaintiff owns all right, title, and interest in and to the '464 patent.

40. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '464 patent.

41. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '464 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

42. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '464 patent unless restrained by this Court.

43. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT VI

## PATENT INFRINGEMENT: U.S. PATENT NO. D518,660

44. Plaintiff hereby re-alleges the allegations of Paragraphs 1-43 of this complaint as if fully set forth herein.

45. United States Patent No. D518,660 ("the '660 patent," attached at Exhibit B-1), entitled "PANEL BED," was duly and legally issued on April 11, 2006, naming Randy D. Domack and Terry A. Everson as the inventors.

46. Plaintiff owns all right, title, and interest in and to the '660 patent.

47. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '660 patent.

48. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '660 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

49. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '660 patent unless restrained by this Court.

50. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT VII

## PATENT INFRINGEMENT: U.S. PATENT NO. D649,806

51. Plaintiff hereby re-alleges the allegations of Paragraphs 1-57 of this complaint as if fully set forth herein.

52. United States Patent No. D649,806 ("the '806 patent," attached at Exhibit B-2), entitled "SLEIGH BED," was duly and legally issued on December 6, 2011, naming Craig C. Bacon, Terry A. Everson, and Randy D. Domack as the inventors.

53. Plaintiff owns all right, title, and interest in and to the '806 patent.

54. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '806 patent.

55. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '806 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

56. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '806 patent unless restrained by this Court.

57. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT VIII

## PATENT INFRINGEMENT: U.S. PATENT NO. D518,311

58. Plaintiff hereby re-alleges the allegations of Paragraphs 1-64 of this complaint as if fully set forth herein.

59. United States Patent No. D518,311 ("the '311 patent," attached at Exhibit B-3), entitled "DRESSER," was duly and legally issued on April 4, 2006, naming Randy D. Domack and Terry A. Everson as the inventors.

60. Plaintiff owns all right, title, and interest in and to the '311 patent.

61. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '311 patent.

62. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '311 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

63. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '311 patent unless restrained by this Court.

64. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT IX

## PATENT INFRINGEMENT: U.S. PATENT NO. D519,286

65. Plaintiff hereby re-alleges the allegations of Paragraphs 1-71 of this complaint as if fully set forth herein.

66. United States Patent No. D519,286 ("the '286 patent," attached at Exhibit B-4), entitled "MIRROR," was duly and legally issued on April 25, 2006, naming Randy D. Domack and Terry A. Everson as the inventors.

67. Plaintiff owns all right, title, and interest in and to the '286 patent.

68. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '286 patent.

69. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '286 patent, either literally or under the doctrine of equivalents, importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

70. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '286 patent unless restrained by this Court.

71. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT X

## PATENT INFRINGEMENT: U.S. PATENT NO. D564,776

72. Plaintiff hereby re-alleges the allegations of Paragraphs 1-78 of this complaint as if fully set forth herein.

73. United States Patent No. D564,776 ("the '776 patent," attached at Exhibit C-1), entitled "SOFA," was duly and legally issued on March 25, 2008, naming Lisa A. Adair and Christie D. Lamb as the inventors.

74. Plaintiff owns all right, title, and interest in and to the '776 patent.

75. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '776 patent.

76. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '776 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

77. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '776 patent unless restrained by this Court.

78. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT XI

## PATENT INFRINGEMENT: U.S. PATENT NO. D662,075

79. Plaintiff hereby re-alleges the allegations of Paragraphs 1-85 of this complaint as if fully set forth herein.

80. United States Patent No. D622,075 ("the '075 patent," attached at Exhibit D-1), entitled "BED," was duly and legally issued on August 24, 2010, naming Randy D. Domack and Terry A. Everson as the inventors.

81. Plaintiff owns all right, title, and interest in and to the '075 patent.

82. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '075 patent.

83. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '075 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

84. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '075 patent unless restrained by this Court.

85. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT XII

### PATENT INFRINGEMENT: U.S. PATENT NO. D568,633

86. Plaintiff hereby re-alleges the allegations of Paragraphs 1-92 of this complaint as if fully set forth herein.

87. United States Patent No. D568,633 ("the '633 patent," attached at Exhibit D-2), entitled "DRESSER," was duly and legally issued on May 13, 2008, naming Randy D. Domack and Terry A. Everson as the inventors.

88. Plaintiff owns all right, title, and interest in and to the '633 patent.

89. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '633 patent.

90. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '633 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

91. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '633 patent unless restrained by this Court.

92. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT XIII

### PATENT INFRINGEMENT: U.S. PATENT NO. D589,266

93. Plaintiff hereby re-alleges the allegations of Paragraphs 1-99 of this complaint as if fully set forth herein.

94. United States Patent No. D589,266 ("the '266 patent," attached at Exhibit D-3), entitled "MIRROR," was duly and legally issued on March 31, 2009, naming Randy D. Domack and Terry A. Everson as the inventors.

95. Plaintiff owns all right, title, and interest in and to the '266 patent.

96. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '266 patent.

97. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant has infringed and continues to infringe the '266 patent, either literally or under the doctrine of equivalents, by importing into the United States and/or by selling and/or offering for sale in the United States, furniture products embodying Ashley's patented inventions, either directly or through intermediaries, and/or by contributing to and/or inducing others to do so.

98. By virtue of the foregoing acts and otherwise, Defendant will continue to infringe Plaintiff's rights in the '266 patent unless restrained by this Court.

99. Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**WHEREFORE,** Plaintiff prays for the following relief:

1. A finding that United States Patent Nos. D552,372; D549,988; D572,501; D557,905; D587,464; D518,660; D649,806; D518,311; D519,286; D564,776; D622,075; D568,633; D589,266 (the "Ashley patents") are valid, and that Defendant has infringed the Ashley patents;

2. An injunction permanently enjoining Defendant, and its directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

    a. directly or indirectly infringing the Ashley patents;

    b. continuing to make, use, sell, or offer to sell any products in the U.S. which infringe the Ashley patents; and

    c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above;

3. An order requiring the impounding and destruction of all products in the possession of Defendant in the U.S. infringing the Ashley patents;

4. An order requiring Defendant to file with the Court and serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report (or other form of proof) in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's injunction;

5. A judgment entered for Plaintiff and against Defendant for all damages sustained by Plaintiff and/or any applicable statutory damages for Defendant's acts of patent infringement,

including Defendant's profits, any damages sustained by Plaintiff and treble damages, including under 35 U.S.C. § 289, and including pre-judgment and post-judgment interest;

6.  An accounting from Defendant for all gains, profits, and advantages derived from acts of patent infringement and/or other violations of the law as alleged herein; and

7.  An order for such further relief as the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 4, 2012

By: s/Thomas J. Wimbiscus
Thomas J. Wimbiscus
Christopher V. Carani
Patricia McGrath
**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street
34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (fax)
E-Mail: twimbiscus@mcandrews-ip.com
ccarani@mcandrews-ip.com
pmcgrath@meandrews-ip.com

*Attorneys For Plaintiff,*
*Ashley Furniture Industries, Inc.*